UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16CR300RLW(SPM) |
| ) | |
| MARK A. BECKHAM, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
AND MEMORANDUM OF
UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned United States Magistrate Judge for all pretrial matters pursuant to 28 U.S.C. §636(b). Defendant Mark A. Beckham is charged in a superseding indictment with one count of attempting to interfere with the administration of the Internal Revenue Laws in violation of 26 U.S.C. §7212(a) (Count 1) and three counts of aiding and assisting in the preparation of fraudulent income tax returns in violation of 26 U.S.C. §7206 (Counts 2-4). The charges arise from defendant's preparation of two individual income tax returns and one corporate income tax return associated with JM Horseman Group in calendar years 2009 and 2010. Following an audit of the returns that began in November 2011, the IRS Revenue Agent referred the matter for a criminal investigation which resulted in the pending charges.

On April 5, 2017, defendant sought, and was granted, leave to file a motion to strike paragraphs 1-8 in the superseding indictment out of time. *See* Docs. 65 & 66.[1] The United States

---

[1] Defendant previously filed pretrial motions, including a motion to suppress evidence and statements (Doc. 36). I held an evidentiary hearing on defendants' motions on November 29, 2016, and issued a report and recommendation that was ultimately adopted by the Honorable Ronnie L. White on February 3, 2017.

filed its written response on April 11, 2017. Doc. 68. On April 13, 2017, I held a hearing and heard oral argument from counsel. Neither party presented any evidence. Following the hearing on April 21, 2017, Defendant filed a Memorandum of Supplemental Authority. Doc. 73. On April 23, 2017, the United States filed its response. Doc. 74. As such, defendant's motion to strike surplasage is fully briefed and ready for a ruling.

## FACTUAL BACKGROUND

Defendant moves to strike paragraphs 1-8 from Count 1 of the superseding indictment. Count 1 charges defendant with attempting to interfere with the administration of the Internal Revenue Laws in violation of 26 U.S.C. §7212(a). Paragraphs 1-5 of the superseding indictment allege that on or about July 1, 2009 and July 1, 2010, defendant caused JH and JM Horseman Group, LLC, to enter into certain financial transactions with third parties Arbor Homes, Sommerdon Development, LLC, and SNB Consulting, LLC. Doc. 60, p. 1-2. Paragraph 6 asserts that on or about July 15, 2010, defendant caused JH and SMH to file 2009 tax returns which reported that the transaction with Arbor Homes resulted in "nonpassive losses" in excess of $3 million "when in fact, JH and SMH were not entitled to claim any nonpassive losses" for calendar year 2009. *Id.* at p. 2. Paragraph 7 asserts that on or about September 15, 2011, defendant caused JM Horseman Group, LLC to file a tax return for an S Corporation for calendar year 2010 reporting "passthrough income (loss) from SNB Consulting, LLC in the amount of ($1,828,951), when, in fact, JM Horseman Group, LLC was not entitled to claim any passthrough income (loss) relating to SNB Consulting, LLC, for the calendar year 2010." *Id.* at p. 2-3. Paragraph 8 asserts that on or about October 16, 2011, defendant caused JH and SMH to file a tax return for calendar year 2010, reporting that JH and SMH had nonpassive losses from JM Horseman Group, LLC and Arbor Homes, Inc. "when, in fact, JH and SMH were not entitled

to claim any nonpassive losses relating to JM Horseman Group, LLC, and Arbor Homes, Inc. for the calendar year 2010." *Id.* at p. 3.

The remaining four paragraphs in Count 1 assert that, at various times, in December 2011, January 2012, and October 2012, defendant caused certain forms and records containing false statements to be submitted to the Internal Revenue Service. *See* Doc. 60, at p. 3-4. Evidence presented in connection with defendant's previously filed pretrial motions established that the Internal Revenue Service initiated an audit that resulted in the instant charges in November 2011.

## DISCUSSION

Rule 7(d) of the Federal Rules of Criminal Procedure allows the Court, on motion of the defendant, to strike surplusage from the indictment. "A motion to strike surplusage from an indictment . . . should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." *United States v. Michel-Galaviz*, 415 F.3d 946, 948 (8th Cir. 2005) (quoting *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962)).

In moving to strike paragraphs 1 through 8 from the superseding indictment, defendant does not contend the targeted paragraphs contain irrelevant, prejudicial or inflammatory information. Indeed, at the pretrial motion hearing, defense counsel acknowledged that the targeted paragraphs contain relevant background information that would likely be admissible at trial. Defendant's concession would seem to end the inquiry given the legal standard set out above. However, defendant appears to suggest that even though the targeted paragraphs are relevant, they must be stricken if this Court agrees that a defendant may not be convicted under §7212(a) unless he is aware of the existence of an IRS investigation or proceeding. In support of

this argument, defendant relies on the Sixth Circuit's decision in *United States v. Kassouf,* 144 F.3d 952 (6th Cir. 1998) and its progeny.

As both parties acknowledge, the Sixth Circuit's decisions in *Kassouf* and its progeny stand apart from the conclusions reached by all other circuit courts of appeal that have considered the issue. *See* Govt.'s Br., Doc. 68, p. 2-6; Deft.'s Br. Doc. 65, p. 3-4. The conflict centers around whether, as a majority of circuits have concluded, the so-called omnibus clause of section 7212(a) broadly prohibits all corrupt efforts to impede the administration of the tax laws. Under this interpretation, a defendant can be convicted under section 7212(a) for a broad range of conduct including schemes to disguise and conceal financial transactions in order to evade tax obligations. The Sixth Circuit's interpretation is narrower; it interprets section 7212(a) as allowing a conviction only if a defendant has intended to obstruct a pending IRS proceeding or investigation. As the parties' respective briefs make clear, this dispute between the Sixth Circuit and its sister circuits has recently devolved into an intra-circuit dispute in the Second Circuit. The Supreme Court recently granted certiorari apparently to address this inter-circuit turned intra-circuit dispute.

Notwithstanding defendant's contention to the contrary, resolution of this circuit split is not critical to the narrow issue before this Court. The narrow issue presented by defendant's motion to strike is whether the allegations contained in paragraphs 1 through 8 are irrelevant or contain prejudicial and/or inflammatory matter. Admittedly, the relevance of these targeted paragraphs would hang in the balance (and therefore require a resolution of the circuit split) if the charge asserted in Count 1 for violations of section 7212(a) rested entirely on the pre-audit allegations set out in paragraphs 1 through 8. As it turns out, Count 1 is predicated on both pre-audit and post-audit conduct. By defendant's own admission at the hearing, the pre-audit conduct

alleged in paragraphs 1 through 8 is relevant background information that puts the post-audit conduct into context. As such, the pre-audit conduct would likely be admissible at trial for another purpose even if this Court adopted the Sixth Circuit's interpretation and held defendant could not be convicted for his pre-audit conduct.

Defendant does not contend that the allegations in paragraphs 1 through 8 should be stricken as prejudicial or inflammatory matter. Even if defendant could somehow demonstrate that he would be prejudiced by evidence that is admittedly relevant to the charge, if the trial judge thinks it appropriate, a limiting instruction or other evidentiary ruling at trial would ameliorate any potential prejudice or confusion that might arise. *See United States v. Hawthorne*, 235 F.3d 400, 403 (8th Cir. 2000) (holding that where relevant evidence is also prejudicial, a limiting instruction may be used to diminish the danger of unfair prejudice from the admission of challenged evidence). Defendant has offered no persuasive argument as to why any prejudicial effect that might arise from retaining the challenged allegations cannot be effectively mitigated by an appropriate limiting instruction at trial.

For all of the foregoing reasons, Defendant's motion to strike the surplusage should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Strike Surplasage (Doc 65) be **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained. Failure to timely file objections may result in a

waiver of the right to appeal questions of fact. *See Thompson v. Nix,* 897 F.2d 356 (8th Cir. 1990).

Trial in this case is set before the **Honorable Ronnie L. White** on **July 17, 2017,** at **9:00 a.m.**

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of May, 2017.