UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CR-00300-RLW-SPM |
| ) | |
| MARK BECKHAM, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO STAY TRIAL DUE TO PENDING SUPREME COURT CASE**

Defendant Mark Beckham ("Beckham"), by and through his counsel, Justin K. Gelfand, Sara G. Neill and their law firm Capes, Sokol, Goodman & Sarachan, P.C., respectfully moves this Court to stay the trial currently scheduled to begin on September 5, 2017, until after the Supreme Court issues its opinion in *United States v. Marinello*, 839 F.3d 209 (2d Cir. 2016), cert. granted, 2017 WL 1079367 (June 27, 2017) (No. 16-1144).  The opinion in *Marinello* will *directly* impact trial and how this Court instructs the jury.  If this matter is not stayed and Beckham is convicted of Count One of the superseding indictment, a reversal in *Marinello* will require reversal here and, almost certainly, a second trial.   Fairness and judicial economy weigh strongly in favor of a stay.[1]

    **I.**    **Relevant Background**

Beckham is charged in a four-count superseding indictment filed February 22, 2017. (Doc. 59.)  The pertinent count for this motion is Count One, which charges a violation of Title 26, United States Code, Section 7212(a)'s "omnibus clause."  (*Id*.)  The "omnibus clause"

---

[1] Beckham and his counsel are ready to proceed to trial on September 5, 2017, and are *not* filing this Motion to delay the trial unnecessarily.

prohibits corruptly endeavoring to obstruct or impede the due administration of the internal revenue laws.  *See, e.g., United States. v. Bostian*, 59 F.3d 474, 476-77 (4th Cir. 1995).

Count One includes, but is not limited to, paragraphs 1 through 8.  Paragraphs 1 through 8 allege purportedly obstructive conduct by Beckham *before* there was a pending IRS action or proceeding—such as an investigation or audit.

Beckham previously filed a "Motion for Leave to File Out of Time Motion and Motion to Strike Surplusage" (Doc. 65) ("Motion to Strike").  There, Beckham argued that paragraphs 1 through 8 should be stricken because they are irrelevant to any alleged violation of 26 U.S.C. § 7212(a) in that at the time of the allegations in paragraphs 1 through 8, there was no pending IRS action or proceeding of which Beckham was aware.  Beckham acknowledged the existence of a circuit split as to this very issue and that the Eighth Circuit has yet to weigh in.

In his Motion to Strike, Beckham urged the Court to adopt the Sixth Circuit's view that there must be a pending IRS action of which the defendant is aware in order for a defendant's actions to violate the "omnibus clause." *United States v. Kassouf*, 144 F.3d 952, 957 (6th Cir. 1998); *United States v. Miner*, 74 F.3d 336, 345 (6th Cir. 2014).  The Magistrate Judge, however, in her Report and Recommendation filed on May 23, 2017, recommended the Motion be denied (Doc. 75).  Beckham objected to the Report and Recommendation on June 6, 2017 (Doc. 77), but this Court adopted the Report and Recommendation on June 13, 2017, and sided with the circuits which held that a pending IRS action need not be ongoing for liability under "omnibus clause" to attach.  (Doc. 82).

On June 27, 2017, after this Court's ruling on the Motion to Strike, the Supreme Court granted *certiorari* in *Marinello* and will settle the precise question of whether an allegedly "corrupt act" that occurs before a defendant is aware of a pending IRS action or proceeding is

2

sufficient to sustain a conviction under Section 7212(a)'s "omnibus clause." *See United States v. Marinello*, 839 F.3d 209 (2d Cir. 2016), cert. granted, 2017 WL 1079367 (June 27, 2017) (No. 16-1144).  Because *Marinello* will resolve a question at the heart of this case, fairness and judicial economy require a stay of this trial.

    **II.**    **Law and Analysis**

A district court has the power to stay proceedings in the interest of justice and to control its docket.  *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544-45 (5th Cir. 1983).  The decision to grant or deny a motion for stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).  In determining whether to grant a stay, Courts have considered factors such as: 1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial economy.  *See e.g.*, *United States v. Adcox*, 2016 WL 616533, at *2 (W.D. La. Feb. 16, 2016).

If Beckham is convicted of Count One and *Marinello* is reversed, a reversal and second trial are likely here.  The hardship on Beckham would be immense.  The expenses associated with the first trial including legal fees, expert witnesses, and travel expense are substantial enough, but a second trial may become cost prohibitive.  This would unnecessarily cause an extreme financial hardship on Beckham's family.  In addition, having to go through a trial is an extremely stressful experience for any defendant.  The hardships and inequities of a second trial can be avoided by staying this trial.

A stay is further equitable because of the current, but soon to be resolved, disagreement in the law as to whether the conduct alleged in paragraphs 1 through 8 is sufficient to convict under Section 7212(a).   If Beckham were being tried for the same alleged crime in the Sixth

3

Circuit, paragraphs 1 through 8 could not support conviction under Section 7212(a), but here, absent a stay, a different set of rules apply. The Supreme Court will now decide the issue one way or another, thereby resolving this inequity.

The real possibility of giving jury instructions that are later found improper raises additional inequities. If Beckham is convicted of Count One and other counts, and his conviction on Count One is reversed, it could be impossible to know to what extent the instructions for Count One impacted the jury's decision to convict on other counts. Furthermore, if evidence is admitted in support of paragraphs 1 through 8 that would otherwise be inadmissible, it may be impossible to know to what extent that evidence impacted or improperly tainted the jury's decision to convict on other counts. Thus, even if Beckham is acquitted of Count One and convicted of other counts, a second trial could be necessary. This is fundamentally unfair to Beckham.

Proceeding to trial before an opinion in *Marinello* would also be inefficient. By granting a stay this Court would be able to decrease the likelihood of having to preside over this trial twice, which would be a waste of time and resources under the circumstances.

Conversely, the prejudice, if any, to the Government of a stay is uncompelling. This case has been pending for approximately one year. Beckham has not sought unnecessary continuances. In fact, Beckham and his undersigned counsel are ready to proceed with trial on September 5, 2017, and but for *Marinello* would not even ask for this stay. By staying the trial, the Government will be able to avoid the significant possibility of a second trial and the use of unnecessary resources. The prejudice to Beckham of having to potentially defend himself in two trials far outweighs any prejudice to the Government in waiting for a ruling in *Marinello*.

**III.     Conclusion**

The Supreme Court's decision in *Marinello* will directly impact this case. The hardship and inequity to Beckham, the lack of prejudice to the Government, and judicial economy all weigh strongly in favor staying the trial.

Respectfully Submitted,

**Capes, Sokol, Goodman & Sarachan, P.C.**


/s/ SARA G. NEILL
JUSTIN K. GELFAND, #62265MO
SARA G. NEILL, #53053MO
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Telephone: 314-721-7701
Facsimile: 314-721-0554
gelfand@capessokol.com
neill@capessokol.com
ATTORNEYS FOR DEFENDANT

**Certificate of Service**

I hereby certify that this pleading was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney and Assistant United States Attorney Steven Muchnick.

>*/s/ SARA G. NEILL*
>JUSTIN K. GELFAND, #62265MO
>SARA G. NEILL, #53053MO
>7701 Forsyth Blvd., 12th Floor
>St. Louis, MO 63105
>Telephone: 314-721-7701
>Facsimile: 314-721-0554
>gelfand@capessokol.com
>neill@capessokol.com
>ATTORNEYS FOR DEFENDANT