## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16CR300 RLW |
| | ) |
| MARK A. BECKHAM, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Mark Beckham's Motion to Stay Trial Due to Pending Supreme Court Case (ECF No. 83). The Government has filed a response in opposition. Defendant has not filed a reply, and the time for doing so has expired.

In his motion to stay, Defendant Mark Beckham ("Beckham") requests that the Court stay his trial pending the Supreme Court's decision in *United States v. Marinello*, 839 F.3d 209 (2d Cir. 2016), *cert. granted*, No. 16-1144, 2017 WL 1079367 (U.S. June 27, 2017). Beckham contends that the *Marinello* opinion will directly impact the trial and the jury instructions. Beckham argues that, if he is convicted, a reversal of *Marinello* would require reversal of his case and a second trial. Specifically, Beckham claims that *Marinello* "will settle the precise question of whether an allegedly 'corrupt act' that occurs before a defendant is aware of a pending IRS action or proceeding is sufficient to sustain a conviction under Section 7212(a)'s 'omnibus clause.'" (Def.'s Mot. to Stay pp. 2-3) Beckham asserts that fairness and judicial economy weigh in favor of staying the trial.

The Government, on the other hand, argues that staying the case for an indefinite amount of time pending a Supreme Court decision in *Marinello* is not justified. The Government

maintains, and the Court agrees, that the fact that the Supreme Court has granted certiorari does not necessarily mean that the Supreme Court will actually decide the case. Additionally, Beckham provides no indication when the Supreme Court may issue an opinion in *Marinello*, and such date is impossible to predict.

"'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *SSDD, LLC v. Underwriters at Lloyd's, London*, No. 4:13-CV-258 CAS, 2013 WL 2420676, at \*4 (E.D. Mo. June 3, 2013) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). "In determining whether to stay an action, a court must exercise its judgment to 'weigh competing interests and maintain an even balance.'" *Id.* (quoting *Landis*, 299 U.S. at 254-55). Courts weigh "the potential prejudice or hardship to the parties, as well as the interest of judicial economy." *Perrin v. Papa John's Int'l, Inc.*, No. 4:09-CV-01334-AGF, 2015 WL 3823142, at \*4 (E.D. Mo. June 19, 2015) (citations omitted).

Here, the Court finds that the prejudice to the government in delaying prosecution of this case, as well as judicial economy warrants denial of Beckham's motion. As stated by the Government, a special verdict form will eliminate any need for retrial in this case. The jury will be asked whether Defendant committed at least one corrupt act after becoming aware of the IRS audit and what specific act he committed. Thus, no hardship will befall Defendant Beckham because the special verdict form will safeguard against the need for a second trial regardless of the Supreme Court's decision in *Marinello*. Indeed, Beckham has not contested the Government's assertion that a special verdict form eliminates the potential hardship to Beckham that forms the basis of his motion to stay. Therefore, the Court will deny Defendant's motion to stay.

2

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Motion to Stay Trial Due to Pending

Supreme Court Case (ECF No. 83) is **DENIED.**

Dated this 10th day of August, 2017.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

3